**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andre Moore,

Plaintiff,

v.

Officer Tony Partyka, in his individual capacity, Officer Neal Walsh, in his individual capacity, Officer John Doe No. 1, in his individual capacity, and Officer John Doe No. 2, in his individual capacity, and the City of Minneapolis,

Defendants.

Civil File No. 22-cv-1477-PAM/TNL

**DECLARATION OF ALICIA GRANSE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AGAINST THE CITY OF MINNEAPOLIS AND TONY PARTYKA**

I, Alicia Granse, hereby state and declare under penalty of perjury:

1. I am an Assistant Public Defender in the Office of the Hennepin County Public Defender. The following is true and correct to be the best of my knowledge, information, and belief.

2. I am one of the attorneys that defended Plaintiff Andre Moore in *State of Minnesota v. Andre Lamar Moore,* 27-CR-20-4146, which is the criminal case that arose out of the February 13, 2020, execution of a search warrant on Moore's residence at issue in this lawsuit.

3. On May 18, 2020, I filed a motion to compel disclosure of the identity of the alleged confidential reliable informant that Defendant Partyka averred gave him incriminating evidence in support of the search warrant application. We brought the motion

because the inconsistencies in Partyka's affidavit and the evidence suggested a significant possibility that Partyka had misrepresented and/or fabricated evidence supporting the warrant application, including statements of the alleged informant.

4. Attached hereto as **Exhibit A** is a true and correct copy of the memorandum in support of that motion. In the memorandum, we contend that "the reliability of the information in [Partyka's] affidavit was suspect," there were "good reasons to doubt the credibility of Officer Partyka," and that "identity, veracity, consistency, and accuracy of the Informant" were in doubt. (Ex. A at 7, 6 & 9.)

5. Judge Scoggin ordered Partyka to report to his chambers with the informant's file for *in camera* review and questioning. At a subsequent hearing, Judge Scoggin revealed that Partyka had claimed that he had very little contact with Moore at the December 7, 2019, traffic stop and that Partyka had not delivered a complete informant file with him as Judge Scoggin had ordered him to do.

6. We therefore filed a motion for a *Franks* hearing to suppress the warrant and evidence resulting from the search. At that hearing, both the State and I questioned Partyka under oath in open Court regarding the accuracy of his assertions in the warrant about the informant and the garbage pulls. Judge Scoggin also questioned Partyka multiple times about the warrant.

7. Attached hereto as **Exhibit B** is a true and correct copy of the memorandum we submitted following that hearing.

8. The *Franks* motion was premised on the allegation that "Officer Partyka made statements that were demonstrably false in the search warrant affidavit." (Ex. B at 1.)

9. During the entirety of the criminal case against Moore, defense counsel were led to believe that only one search warrant and search warrant application existed. If a second warrant application existed that contained any discrepancies with the extant warrant related to any of the evidence that Partyka relied on in support of the application, the other warrant would certainly have been highly relevant to both motions and the case against Moore in general.

10. Rule 9 of the Minnesota Rules of Criminal Procedure requires disclosure of all materials that relate to the case. If a second warrant existed and was concealed from Moore's defense team, it would have been an egregious violation of Rule 9 and would have constituted sufficient grounds for a motion to dismiss all charges on that basis alone.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 10, 2023

s/ *Alicia Granse*
Alicia Granse